IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SILVER STAR MEATS INC, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 21-484 |
| ACADIA INSURANCE COMPANY and ) | |
| JACKTOWN INSURANCE GROUP, INC. ) | Judge Cathy Bissoon |
| *doing business as* ) | |
| DUNCAN INSURANCE AGENCY ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

After removing this insurance coverage dispute from state court, Defendant Acadia sought dismissal of the breach of contract claim based on Plaintiff's failure to maintain its floor ventilation systems. Mot. to Dismiss (Doc. 5) ¶ 20. Plaintiff responded by amending the Complaint, as of right, to add Defendant Duncan—i.e., the broker of the underlying insurance policy who had allegedly represented that the policy "would cover large scale losses, such as the one at issue . . . ." Am. Compl. (Doc. 6) ¶ 79; *see id.* ¶ 39. Because Duncan's addition destroys diversity and, with it, this Court's subject matter jurisdiction, Plaintiff seeks remand to state court. (Doc. 8.) For the reasons that follow, Plaintiff's Motion to Remand will be granted.

As an initial matter, the Court notes that while Rule 15 permits a plaintiff to amend a complaint without leave of court, within 21 days of a Rule 12(b) motion, Fed. R. Civ. P. 15(a), § 1447(e) allows federal courts to deny joinder if it would destroy diversity jurisdiction. 28 U.S.C. § 1447(e). This has created a split among courts as to the appropriate post-removal standard where, as here, the plaintiff amends the complaint, as of right, that adds a non-diverse

defendant.  Some courts hold that Rule 15 controls and apply a fraudulent joinder analysis,[1] and some resort to a statutory analysis under § 1447(e).[2]  See Gumberg Assocs. - Chapel Square v. Keybank Nat'l Ass'n, No. 2:20-CV-01661-CCW, 2021 WL 492880, at *2–3 (W.D. Pa. Feb. 10, 2021) (discussing the split of authority).  Here, Acadia cannot meet the fraudulent joinder standard, nor do the factors for analysis under § 1447(e) weigh in its favor.

As to fraudulent joinder, given Duncan's alleged misrepresentation regarding coverage, there appears to be colorable claim against it.  And the fact that Duncan already has been served evinces Plaintiff's intention to press forward with that claim. Therefore, Duncan's joinder clearly is not fraudulent.  See Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009) (A joinder is only fraudulent if there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.").

Remand also is warranted under § 1447(e).  First, as already noted, it does not appear that the purpose of adding Duncan is to defeat jurisdiction.  Second, Plaintiff has not been dilatory. Acadia initially had denied coverage based on the "earth movement" exclusion and it was not until after Plaintiff filed this lawsuit that Acadia claimed that coverage was precluded under the

---

[1] The fraudulent joinder doctrine provides that "[w]hen a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." In re Briscoe, 448 F.3d 201, 217 (3d Cir. 2006) (quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)).

[2] While the Court of Appeals for the Third Circuit has "not yet addressed the appropriate analytical approach to § 1447(e)," Hayden v. Westfield Ins. Co., 586 F. App'x 835, 840 (3d Cir. 2014), it recognizes that courts within this circuit apply the factors set forth by the United States Court of Appeals for the Fifth Circuit in Hensgens, i.e., "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities."  Id. at 840–41(quoting Hensgens v. Deere & Co., 833 F.3d 1179, 1182 (5th Cir. 1987)).

"failure to maintain" exclusion.[3]  And Plaintiff added Duncan within 21 days of Acadia's motion to dismiss—i.e., the first court filing in which Acadia claimed the "failure to maintain" exclusion.  Finally, if Acadia prevails and Duncan is not part of this lawsuit, Plaintiff would be left without a responsible party for a contractual relationship that was premised on an alleged misrepresentation.

Consistent with the foregoing, the Court hereby enters the following:

## II.  ORDER

Plaintiff's Motion to Remand (Doc. 8) is GRANTED.  This case shall be remanded forthwith to the Allegheny County Court of Common Pleas.  The Clerk shall mark this case closed.

IT IS SO ORDERED.


December 14, 2021                                         s/Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[3] Acadia advised Plaintiff that "coverage was precluded based on the maintenance exclusion by [a] letter dated August 12, 2020," Def.'s Br. (Doc. 13) at 7, almost four months after Plaintiff commenced this lawsuit against Acadia by filing a Writ of Summons in state court. Notice of Removal (Doc. 1) ¶ 1.